# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DONALD KUHN on behalf of himself and all others similarly situated, <br><br> v. <br><br> AUTOASSURE LLC. | Case No.: |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Donald Kuhn brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act (FLSA) and the Missouri Minimum Wage Law (MWL) against AutoAssure LLC.

2. AutoAssure failed to pay Kuhn and other workers like him overtime for all hours worked in excess of 40 in a workweek at 1.5 times their "regular rate" as required by the FLSA.

3. Kuhn brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since a significant portion of the facts giving rise to this lawsuit occurred in this District.

6. This District is home to the relevant AutoAssure office(s).

7. Kuhn worked for AutoAssure in this District.

8. Kuhn resides in this District.

## THE PARTIES

9. **Plaintiff Kuhn.** Kuhn worked for AutoAssure as a Service Plan Specialist (also known as a Sales Representative or a Senior Sales Representative) in St. Peters, Missouri until early 2020.

10. Kuhn lives in St. Peters, Missouri.

11. Kuhn's consent to be a party plaintiff is attached as Exhibit A.

12. Kuhn brings this action on behalf of all other similarly situated "Service Plan Specialists."

13. **The Service Plan Specialists.** This collective action is maintained on behalf of all Service Plan Specialists (also known as Sales Representatives and Senior Sales Representatives) employed by AutoAssure in Missouri and Illinois.[1]

14. **Defendant AutoAssure.** AutoAssure is a Texas limited liability company.

15. AutoAssure may be served through its registered agent: Cogency Global Inc.

## COVERAGE UNDER THE FLSA

16. For at least the past three years, AutoAssure has been an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. For at least the past three years, AutoAssure has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18. For at least the past three years, AutoAssure has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise

---

[1] AutoAssure may employ Service Plan Specialists in other states, but those workers are outside the scope of this lawsuit.

working on goods or materials that have been moved in or produced for commerce by any person—including cell phones, computers, pens—and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

19. For at least the past three years, AutoAssure and the FLSA Employees were engaged in commerce or in the production of goods for commerce.

## FACTS

20. AutoAssure sells what is commonly referred to extended car warranties.[2]

21. AutoAssure operates in Missouri and Illinois.

22. AutoAssure's conduct in Missouri is regulated by the Missouri Department of Insurance, Financial Institutions and Professional Registration.

23. AutoAssure's conduct in Illinois is regulated by the Illinois Department of Insurance.

24. AutoAssure employs Service Plan Specialists in Missouri and Illinois.

25. AutoAssure's Service Plan Specialists answer a high volume of inbound prospective customer calls and drive a high volume of outbound calls, handling dozens (even hundreds) of calls a day.

26. AutoAssure's Service Plan Specialists are expected to "close" 4 to 6 sales per day.

27. AutoAssure's Service Plan Specialists work long hours.

28. For example, Kuhn worked more than 100 hours in the 2 week pay period ending May 8, 2019.

29. Kuhn worked more than 100 hours in the 2 week pay period ending May 8, 2019.

30. Kuhn worked more than 90 hours in the 2 week pay period ending July 8, 2019.

31. But AutoAssure did not pay Kuhn overtime.

---

[2] *See* https://autoassure.com.

32. That is because AutoAssure does not pay its Service Plan Specialists overtime as required by the FLSA or the MWL.

33. While AutoAssure makes its paystubs appear to reflect overtime, AutoAssure pays these workers a flat hourly rate (often less than $12 an hour) and/or commissions.

34. It then alters its payroll records to "back into" a regular rate to give the appearance of paying overtime.

35. But AutoAssure does not actually pay the time and a half required by the FLSA and MWL.

36. AutoAssure was clearly aware of the FLSA's overtime requirement and took steps to disguise its non-compliance with the law.

37. AutoAssure willfully violated the FLSA.

### FLSA AND MWL VIOLATIONS

38. AutoAssure violated 29 U.S.C. § 207(a)(1) and MO Rev. Stat. 290.505 by employing employees for workweeks longer than 40 hours without paying them time and a half their regular rates for hours in excess of 40 in a workweek.

39. AutoAssure knowingly, willfully, or in reckless disregard of their obligations under the FLSA carried out this illegal pattern or practice of failing to pay Kuhn and the Service Plan Specialists overtime.

40. AutoAssure's failure to pay overtime to its Service Plan Specialists was neither reasonable nor was it based on a good faith belief it was complying with the law.

41. AutoAssure attempted to disguise its violations of the law through the manipulation of its paychecks.

42. Kuhn and the other Service Plan Specialists are entitled to proper overtime wages under the FLSA in an amount equal to 1.5 times their regular rate of pay.

43. Because AutoAssure knew, or showed reckless disregard for whether, their pay practices violated the FLSA, AutoAssure owes these wages for at least the past three years.

44. AutoAssure is liable to Kuhn and the other Service Plan Specialists for an amount equal to all unpaid overtime wages as liquidated damages.

45. Kuhn and the other Service Plan Specialists are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### COLLECTIVE ACTION ALLEGATIONS

46. AutoAssure's illegal compensation plan extends beyond Kuhn to the other Service Plan Specialists.

47. AutoAssure's illegal compensation plan (reflected in its Service Plan Specialist Compensation Plan) is a "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006).

48. AutoAssure has paid more than 40 Service Plan Specialists according to the same unlawful scheme during the past 3 years.

49. The workers impacted by AutoAssure's illegal compensation plan should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

### JURY DEMAND

50. Kuhn demands a trial by jury.

### RELIEF SOUGHT

51. WHEREFORE, Kuhn prays for judgment against AutoAssure as follows:

   a) For an order allowing this action to proceed as a collective action and directing notice to the Service Plan Specialists;

b) For an order finding AutoAssure liable for the unpaid overtime, and an equal amount of liquidated damages, due to Kuhn and the Service Plan Specialists;

c) For an order finding AutoAssure liable for unpaid back wages, and an equal amount of liquidated damages, due to Kuhn and the Service Plan Specialists;

d) For an order awarding Kuhn and the Service Plan Specialists the costs of this action;

e) For an order awarding Kuhn and the Service Plan Specialists their attorneys' fees;

f) For an order awarding Kuhn and the Service Plan Specialists pre- and post-judgment interest at the highest rates allowed by law; and

g) For an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/s/ Rex Burch**
_____
Richard J. (Rex) Burch*
Texas Bar No. 24001807
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

Michael A. Josephson*
Texas Bar No. 24014780
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, TX 77046
(713) 352-1100 [Telephone]
(713) 352-3300 [Fax]

*- *Pro Hac Vice* Pending

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**