UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| *DONALD KUHN, on behalf of himself and all others similarly situated,* <br><br> Plaintiff, <br><br> v. <br><br> *AUTOASSURE LLC,* <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Cause No. 4:21-cv-00394 |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COLLECTIVE ACTION COMPLAINT

Defendant AutoAssure LLC ("Defendant"), by and through its attorneys, states as follows for its Answer and Affirmative Defenses to Plaintiff Donald Kuhn's Collective Action Complaint:

### SUMMARY

1. Donald Kuhn brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act (FLSA) and the Missouri Minimum Wage Law (MWL) against AutoAssure LLC.

**ANSWER:** Defendant admits that Plaintiff seeks alleged unpaid wages and other damages under the FLSA and MWL, but denies that he is entitled to any relief whatsoever.

2. AutoAssure failed to pay Kuhn and other workers like him overtime for all hours worked in excess of 40 in a workweek at 1.5 times their "regular rate" as required by the FLSA.

**ANSWER:** Denied.

3. Kuhn brings this collective action to recover unpaid overtime and other damages.

**ANSWER:** Defendant admits that Plaintiff is bringing a collective action to recover alleged unpaid overtime and other damages but denies that he is entitled to any relief whatsoever.

1

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

**ANSWER:** Admitted.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since a significant portion of the facts giving rise to this lawsuit occurred in this District.

**ANSWER:** Admitted.

6. This District is home to the relevant AutoAssure office(s).

**ANSWER:** Admitted.

7. Kuhn worked for AutoAssure in this District.

**ANSWER:** Admitted.

8. Kuhn resides in this District.

**ANSWER:** Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

## THE PARTIES

9. <u>Plaintiff Kuhn</u>. Kuhn worked for AutoAssure as a Service Plan Specialist (also known as a Sales Representative or a Senior Sales Representative) in St. Peters, Missouri until early 2020.

**ANSWER:** Admitted.

10. Kuhn lives in St. Peters, Missouri.

**ANSWER:** Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

11. Kuhn's consent to be a party plaintiff is attached as Exhibit A.

**ANSWER:** Defendant admits that a document entitled Consent to Join Wage Claim is attached as Exhibit A to Plaintiff's Complaint, but it lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

12. Kuhn brings this action on behalf of all other similarly situated "Service Plan Specialists."

**ANSWER:** Defendant admits that Plaintiff purports to bring this action on behalf of all other similarly situated "Service Plan Specialists," but it denies that he is entitled to collective certification.

13. The Service Plan Specialists. This collective action is maintained on behalf of all Service Plan Specialists (also known as Sales Representatives and Senior Sales Representatives) employed by AutoAssure in Missouri and Illinois.[1]

**ANSWER:** Defendant admits that Plaintiff purports to bring this action on behalf of all Service Plan Specialists employed by Defendant in Missouri and Illinois, but it denies that he is entitled to collective certification.

14. Defendant AutoAssure. AutoAssure is a Texas limited liability company.

**ANSWER:** Admitted.

15. AutoAssure may be served through its registered agent: Cogency Global Inc.

**ANSWER:** Admitted.

## COVERAGE UNDER THE FLSA

16. For at least the past three years, AutoAssure has been an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

**ANSWER:** Admitted.

17. For at least the past three years, AutoAssure has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203®.

**ANSWER:** Admitted.

18. For at least the past three years, AutoAssure has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(l) of

---

[1] AutoAssure may employ Service Plan Specialists in other states, but those workers are outside the scope of this lawsuit

3

38384901.5
15177971.v4

the FLSA, 29 U.S.C. § 203(s)(l), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person-including cell phones, computers, pens-and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

**ANSWER:** Admitted.

19. For at least the past three years, AutoAssure and the FLSA Employees were engaged in commerce or in the production of goods for commerce.

**ANSWER:** Defendant admits that for at least the past three years, AutoAssure was engaged in commerce or in the production of goods for commerce. Defendant lacks sufficient knowledge or information to form a belief as to the use of the phrase "FLSA Employees," and therefore denies any allegation relating to the phrase "FLSA Employees."

## FACTS

20. AutoAssure sells what is commonly referred to extended car warranties.[2]

**ANSWER:** Denied.

21. AutoAssure operates in Missouri and Illinois.

**ANSWER:** Admitted.

22. AutoAssure's conduct in Missouri is regulated by the Missouri Department of Insurance, Financial Institutions and Professional Registration.

**ANSWER:** Admitted.

23. AutoAssure's conduct in Illinois is regulated by the Illinois Department of Insurance.

**ANSWER:** Admitted.

---

[2] See https://autoassure.com.

4

24. AutoAssure employs Service Plan Specialists in Missouri and Illinois.

**ANSWER:** Admitted.

25. AutoAssure's Service Plan Specialists answer a high volume of inbound prospective customer calls and drive a high volume of outbound calls, handling dozens (even hundreds) of calls a day.

**ANSWER:** Admitted.

26. AutoAssure's Service Plan Specialists are expected to "close" 4 to 6 sales per day.

**ANSWER:** Admitted.

27. AutoAssure's Service Plan Specialists work long hours.

**ANSWER:** Defendant denies the allegations contained in this Paragraph as plead and instead answers that some Service Plan Specialists work longer hours than other Service Plan Specialists.

28. For example, Kuhn worked more than 100 hours in the 2 week pay period ending May 8, 2019.

**ANSWER:** Admitted.

29. Kuhn worked more than 100 hours in the 2 week pay period ending May 8, 2019.

**ANSWER:** Admitted.

30. Kuhn worked more than 90 hours in the 2 week pay period ending July 8, 2019.

**ANSWER:** Admitted.

31. But AutoAssure did not pay Kuhn overtime.

**ANSWER:** Defendant denies the allegations contained in Paragraph 31 as plead and states that Plaintiff is exempt and not entitled to overtime compensation.

32. That is because AutoAssure does not pay its Service Plan Specialists overtime as required by the FLSA or the MWL.

**ANSWER:** Defendant denies the allegations contained in Paragraph 32 as plead and states that its Service Plan Specialists are exempt and not entitled to overtime compensation.

33. While AutoAssure makes its paystubs appear to reflect overtime, AutoAssure pays these workers a flat hourly rate (often less than $12 an hour) and/or commissions.

**ANSWER:** Denied.

34. It then alters its payroll records to "back into" a regular rate to give the appearance of paying overtime.

**ANSWER:** Denied.

35. But AutoAssure does not actually pay the time and a half required by the FLSA and MWL.

**ANSWER:** Defendant denies the allegations contained in Paragraph 35 as plead or that it is required to do so by the FLSA or the MWL, as Service Plan Specialists are exempt employees and not entitled to overtime compensation.

36. AutoAssure was clearly aware of the FLSA's overtime requirement and took steps to disguise its non-compliance with the law.

**ANSWER:** Denied.

37. AutoAssure willfully violated the FLSA.

**ANSWER:** Denied.

## FLSA AND MWL VIOLATIONS

38. AutoAssure violated 29 U.S.C. § 207(a)(1) and MO Rev. Stat. 290.505 by employing employees for workweeks longer than 40 hours without paying them time and a half their regular rates for hours in excess of 40 in a workweek.

**ANSWER:** Denied.

39. AutoAssure knowingly, willfully, or in reckless disregard of their obligations under the FLSA carried out this illegal pattern or practice of failing to pay Kuhn and the Service Plan Specialists overtime.

**ANSWER:** Denied.

6

38384901.5
15177971.v4

40. AutoAssure's failure to pay overtime to its Service Plan Specialists was neither reasonable nor was it based on a good faith belief it was complying with the law.

**ANSWER:** Denied.

41. AutoAssure attempted to disguise its violations of the law through the manipulation of its paychecks.

**ANSWER:** Denied.

42. Kuhn and the other Service Plan Specialists are entitled to proper overtime wages under the FLSA in an amount equal to 1.5 times their regular rate of pay.

**ANSWER:** Denied.

43. Because AutoAssure knew, or showed reckless disregard for whether, their pay practices violated the FLSA, AutoAssure owes these wages for at least the past three years.

**ANSWER:** Denied.

44. AutoAssure is liable to Kuhn and the other Service Plan Specialists for an amount equal to all unpaid overtime wages as liquidated damages.

**ANSWER:** Denied.

45. Kuhn and the other Service Plan Specialists are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**ANSWER:** Denied.

**COLLECTIVE ACTION ALLEGATIONS**

46. AutoAssure's illegal compensation plan extends beyond Kuhn to the other Service Plan Specialists.

**ANSWER:** Denied.

47. AutoAssure's illegal compensation plan (reflected in its Service Plan Specialist Compensation Plan) is a "policy that is alleged to violate the FLSA" in this FLSA collective

*Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386,2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006).

**ANSWER:** Denied.

48. AutoAssure has paid more than 40 Service Plan Specialists according to the same unlawful scheme during the past 3 years.

**ANSWER:** Denied.

49. The workers impacted by AutoAssure's illegal compensation plan should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

**ANSWER:** Denied.

## JURY DEMAND

50. Kuhn demands a trial by jury.

**ANSWER:** Defendant admits that Plaintiff demands a jury trial but denies that a jury trial is warranted.

## RELIEF SOUGHT

51. WHEREFORE, Kuhn prays for judgment against AutoAssure as follows:

   a) For an order allowing this action to proceed as a collective action and directing notice to the Service Plan Specialists;

   b) For an order finding AutoAssure liable for the unpaid overtime, and an equal amount of liquidated damages, due to Kuhn and the Service Plan Specialists;

   c) For an order finding AutoAssure liable for unpaid back wages, and an equal amount of liquidated damages, due to Kuhn and the Service Plan Specialists;

  d)  For an order awarding Kuhn and the Service Plan Specialists the costs of this action;

  e)  For an order awarding Kuhn and the Service Plan Specialists their attorneys' fees;

  f)  For an order awarding Kuhn and the Service Plan Specialists pre- and post-judgment interest at the highest rates allowed by law; and

  g)  For an order granting such other and further relief as may be necessary and appropriate.

**ANSWER:** Defendant admits that Plaintiff seeks the relief listed in Paragraph 51 but denies he is entitled to judgment or any relief whatsoever.

**FURTHER ANSWERING**, Defendant denies each and every allegation contained in Plaintiff's Complaint, except for the allegations specifically admitted herein.

**FURTHER ANSWERING**, Defendant states the following:

## AFFIRMATIVE DEFENSES

Defendant hereby states the following affirmative and additional defenses to the Complaint but does not assume the burden of proof on any such defense except as required by applicable law with respect to the particular defense asserted. Defendant reserves the right to assert other affirmative and/or additional defenses and/or to otherwise supplement this answer upon discovery of facts or evidence rendering such action appropriate.

### First Affirmative Defense
(Good Faith)

Defendant acted pursuant to a good faith belief that its pay practices are in conformity with both federal and state wage laws.

38384901.5
15177971.v4

**Second Affirmative Defense**
(No Intentional/Willful Violation)

Any alleged violation, which Defendant denies occurred, was not intentional, knowing or willful and would have resulted from excusable error notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

**Third Affirmative Defense**
(Inside Sales Exemption)

Plaintiff was exempt from the overtime requirements of the FLSA and MWL under the inside sales exemption, Section 7(i) of the FLSA.

**Fourth Affirmative Defense**
(Statute of Limitations)

Defendant alleges that Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

**Fifth Affirmative Defense**
(Waiver)

Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff and/or the putative collective class have waived some or all of the purported causes of action alleged in the Complaint by virtue of her and/or their prior representations, actions and inaction.

**Sixth Affirmative Defense**
(Consent)

Defendant alleges that Plaintiff at all times acknowledged, ratified, acquiesced and/or gave his consent, express or implied to certain acts, omissions, representations, and courses of conduct of Defendant as alleged in the Complaint and each cause of action contained therein.

38384901.5
15177971.v4

### Seventh Affirmative Defense
(Failure to State a Claim)

The Complaint, in whole or in part, fails to state facts sufficient to constitute a cause of action.

### Eighth Affirmative Defense
(No Knowledge)

Plaintiff's claims for unpaid wages are barred on the ground that Defendant had no actual or constructive knowledge that Plaintiff or any person on whose behalf relief is sought worked hours for which they were not compensated, as alleged in the Complaint.

### Ninth Affirmative Defense
(No Class Certification — Not Similarly Situated)

Plaintiff and potential class members are not entitled to conditional or final certification because the Plaintiff is not similarly situated to potential class members, the Plaintiff has not defined potential class members clearly and objectively, and the Plaintiff cannot adequately represent the interests of the potential class members.

### Tenth Affirmative Defense
(No Class Certification — Independent and Individual Analysis)

Plaintiff's attempt to pursue this case as a class action fails because an independent and individual analysis of the Plaintiff's claims and the claims of each potential class member and each of the Defendant's defenses is required.

### Eleventh Affirmative Defense
(No Class Certification — Due Process)

Plaintiff's attempt to pursue this case as a certified action violates the Defendant's constitutional to due process.

38384901.5
15177971.v4

**Twelfth Affirmative Defense**
(No Class Certification — Individual Questions Predominate)

The allegations set forth by the Plaintiff on behalf of herself and the alleged class, the existence of which is expressly denied, involve matters for which individual questions predominate and therefore, are not appropriate claims for class treatment.

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff takes nothing by reason of the Complaint, and that the Complaint be dismissed with prejudice;

2. That the Court decline to certify any claims in the Complaint or otherwise allow them to proceed as collective or representative claims;

3. For attorneys' fees and costs of suit; and

4. For such other and further relief as the Court may deem just and proper.

38384901.5
15177971.v4

SANDBERG PHOENIX & von GONTARD P.C.

By: ____*/s/ Timm W. Schowalter*____
Timm W. Schowalter, # 45831MO
Zachary S. Merkle, # 68258MO
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
tschowalter@sandbergphoenix.com
zmerkle@sandbergphoenix.com

*and*

SAUL EWING ARNSTEIN & LEHR LLP

E. Jason Tremblay *(pro hac vice pending)*
Alexander L. Reich *(pro hac vice pending)*
161 N. Clark St., Suite 4200
Chicago, Illinois 60601
(312)-876-7810
jason.tremblay@saul.com
alexander.reich@saul.com

**ATTORNEYS FOR AUTOASSURE, LLC**

**Certificate of Service**

    I hereby certify that on May 6, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system to all counsel of record.

____*/s/ Timm W. Schowalter*____

13